UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| ANDREW SERVANCE | § |
| | § |
| vs. | §   NO:  MO:21-CV-00162-DC |
| | § |
| MIKE GRIFFIS | § |

### ORDER DISMISSING CASE WITHOUT PREJUDICE

Petitioner is an inmate confined at the Ector County Detention Center in Odessa, Texas. [docket number 6]. He is proceeding *pro se* in this 28 U.S.C. §2241 case. Petitioner is a pre-conviction detainee and asserts he is being wrongfully detained on unsubstantiated charges that have denied him his constitutional right to a speedy trial. [*Id.*]. For relief, he asks for this Court to have the charges dismissed. [*Id.*].

Here, as a pre-conviction detainee, Petitioner must meet the habeas provisions of 28 U.S.C. §2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). To be eligible for pre-trial habeas relief pursuant to 28 U.S.C. §2241, Petitioner must be "in custody" and must have exhausted his available state remedies. *Braden*, 410 U.S. at 488–89; *Dickerson*, 816 F.2d at 224. While Petitioner satisfies the "in custody" requirement, as he is being held in the Ector County Detention Center pursuant to his challenged arrest, his answers found on the proper §2241 form confirm that he did not fully exhaust his available state remedies before filing this action. [docket number 6].

The requirement to exhaust state habeas remedies before pursuing federal habeas relief applies to §2241 as well as to 28 U.S.C. §2254, which is invoked in the post-conviction setting. As the District Court in the Northern District of Texas explained:

> It is only in the post-trial setting that exhaustion is mandated by statute. *Compare* 28 U.S.C. §2254(b) *with* 28 U.S.C. §2241(c)(3). Despite the absence of an exhaustion requirement in §2241(c)(3), a body of case law has developed holding that federal courts should abstain from the exercise of that jurisdiction if the issues raised in

> the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson*, 816 F.2d at 225. *See also Braden*, 410 U.S. at 489–92; *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). This exhaustion doctrine of §2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process. *See Dickerson*, 816 F.3d at 225; *Braden*, 410 U.S. at 490–91.

*See Pruett v. Valdez*, 2009 WL 2921292, at *1 n.1 (N.D. Tex. Sept. 10, 2009). Even in the §2241 setting, "[t]ypically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated." *See Halsell v. Anderson*, 2010 WL 3155057, at *1 (N.D. Tex. July 9, 2010) (citing *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985)). As that Court also stated:

> In Texas, this requires that the claims be presented to the Texas Court of Criminal Appeals by way of either a petition for discretionary review [[e]ither from conviction itself or from the disposition of a preconviction application for writ of habeas corpus] or postconviction writ of habeas corpus before a pretrial detainee may seek federal habeas corpus relief. *See Deters*, 985 F.2d at 795; *Procunier*, 762 F.2d at 432; *see also Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995) (exhaustion of state remedies may be accomplished either directly or collaterally).

*Halsell*, 2010 WL 3155057, at *1 (incorporating n.2 into quoted text). Thus, in Texas, the proper procedure for a state pre-conviction prisoner to commence seeking state habeas relief is to file an application in the trial court of the county in which he was indicted or where the offense was charged to have been committed, pursuant to Tex. Code Crim. Proc. art. 11.08 (felony indictment) or 11.09 (misdemeanor charge). If the trial court denies habeas relief, his remedy is to take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g., Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n.5 (Tex. Crim. App. 1981) (citations omitted)). Unless his application is granted in the lower court, he must proceed to the Texas Court of Criminal Appeals, the highest criminal court in Texas. *Halsell*, 2010 WL 3155057, at *1 & n. 2. Additionally, a federal district court may take notice *sua sponte* of the lack of exhaustion. *Shute v. Texas*, 117 F.3d 233, 237 (5th Cir. 1997). Federal courts can dismiss

without prejudice the entirety of a federal habeas petition that contains any unexhausted grounds for relief. *See Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990).

Because Petitioner seeks relief pursuant to §2241, and habeas corpus is the appropriate remedy, he must comply with the statutory and jurisprudential requirements concerning exhaustion of available state court remedies. A review of the Texas Court of Criminal Appeals' docket reflects that Petitioner has not filed a petition for review or a writ of habeas corpus with that court concerning this case. Thus, Petitioner has not satisfied the exhaustion requirement as to the claims presented in the instant §2241. In addition, he has not shown that he should otherwise be excused from the exhaustion requirement due to exceptional circumstances warranting federal intrusion at this juncture. Accordingly, this §2241 should be dismissed for failure to exhaust all available state court remedies.

The court must now consider whether to grant a certificate of appealability ("COA"). *See* 28 U.S.C. §2253(c). A COA is not required for a §2241 in order for Petitioner to proceed on appeal. *McFarland v. Jeter*, 2007 WL 462575, *1 (5th Cir. 2007), citing *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). Therefore, a COA will be denied as unnecessary. The Court, accordingly, orders that a COA will not issue in this case.

It is accordingly ordered that Petitioner's petition for federal habeas relief pursuant to 28 U.S.C. §2241 should be denied and the case be dismissed without prejudice for failure to exhaust state court remedies. A COA will not issue in this case, and all pending motions should be denied as moot.

It is so **ORDERED**.

SIGNED this 21st day of October, 2021.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE